UNITED STATES of America,
Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,
Defendant.

No. 69 Civ. 200.

United States District Court,
S. D. New York.

March 6, 1973.

Thomas E. Kauper, Asst. Atty. Gen., Antitrust Div. Washington, D. C., by Raymond M. Carlson, Jos. H. Widmar, Grant Moy, Jr., and James Serota, Washington, D. C., of counsel, for plaintiff.

Cravath, Swaine & Moore, New York City, by Bruce Bromley, George B. Turner, Thomas D. Barr, and F. A. O. Schwarz, Jr., New York City, of counsel; Nicholas de B. Katzenbach, Armonk, N. Y., V. P. and Gen. Counsel for IBM; Olwine, Connelly Chase O'Donnell & Weyher, New York City, by Walter H. Beebe, New York City, of counsel, for defendant.

EDELSTEIN, Chief Judge.

### MEMORANDUM

Plaintiff seeks an order compelling defendant, International Business Machines Corp. (IBM) to comply with the court's Pretrial Order No. 1, entered March 16, 1972.[1] The Government alleges that IBM procured the destruction of materials within the ambit of the order in connection with the settlement of a private antitrust suit instituted by Control Data Corporation (CDC).[2]

Pretrial Order No. 1, entered at the urging of IBM,[3] is intentionally broad and inclusive. The court has continually used sweeping language in describing its scope. For example, at the hearing of March 16, 1972, the court said that "I expect this order to be implemented precisely and in every possible way both as to the connotations and denotations of every single paragraph in the order which I propose to sign.

"I don't want a single document destroyed under any circumstances without the consent of this Court.

1. "IT IS HEREBY ORDERED that both plaintiff and defendant shall henceforth preserve and secure from destruction all documents, writings, recordings or other records of any kind whatsoever which relate in any way to electronic data processing or to any electronic data processing product or service until further Order of this Court." (Pretrial Order No. 1 entered March 16, 1972.)

2. Control Data Corporation v. International Business Machines Corporation, 3–68 Civ. 312 (D.Minn.)

3. Indeed, counsel prepared and submitted the form of the Order for signature.

.    .    .    .    .    .

"At any point in our procedures where there is any indication that the order is too broad and too comprehensive and too onerous and unnecessary, I will be prepared to hear arguments by either side and make whatever modifications are required and appropriate."

(Hearing of March 16, 1972, at p. 20.)

At a subsequent hearing, the court indicated that a telegram to be sent to all government agencies with regard to Pretrial Order No. 1 should specify that the order extended to all documents in the possession of the agency whether "directly or indirectly or constructively." (Hearing of March 31, 1972, at p. 49.)

The parties, in their subsequent treatment of the order, indicated their understanding of its breadth. Thus, IBM came before the court and requested that certain categories of documents and electronic data processing materials be exempted from the order. After argument the court ruled on each such request.

On Friday, January 12, 1973, CDC and IBM settled their private antitrust suit. As part of the agreement counsel for both parties agreed that each side would destroy "work product generated in support of the litigation." (RGL Exhibit 19–1 filed in court February 14, 1973). Pursuant to this agreement counsel for CDC destroyed certain documents, magnetic tapes, computer printouts, and other materials. This destruction took place over the weekend of January 13–14, in Minnesota, and counsel for IBM were present during at least part of the destruction of the materials.

Among the materials destroyed that weekend was a computerized "data base" created by CDC's lawyers. The data base is an annotated document retrieval system, designed to assist counsel in the organization of the numerous documents involved in this case. The Government has asserted that a system, functionally similar to that created by CDC's law-

yers, is indispensable to it in its preparation for trial.

IBM contends that the data base and other documents destroyed as part of the CDC settlement are not within the purview of Pretrial Order No. 1, since they are work product of attorneys for another party in another case. While Pretrial Order No. 1 does not bind counsel for CDC, this issue is not before the court. If IBM, directly or indirectly, procured the destruction of the documents and other materials in question, IBM can be held responsible for that destruction. The affidavits and arguments presented convince the court that IBM procured the destruction of CDC's data base. It was destroyed at the request of IBM, pursuant to an agreement between IBM and CDC, and, therefore, IBM can be held responsible for its destruction.

IBM's claim that the data base was work product and not, therefore, within the ambit of the order, is without merit. Work product is generally exempt from production under the Federal Rules. However, the order in question was not an order to produce; rather, it was a preservation order. It was entered so that the court could make reasoned judgments with regard to just such material. If the documents had been retained, then, in response to a notice to produce, IBM could have moved for a protective order on the grounds of privilege. At that time, with the materials before it, the court could have decided whether IBM's claim was meritorious. As matters now stand the court can never know whether the materials destroyed were, in fact, work product.

■  Accordingly, the court concludes that the actions of IBM in procuring the destruction of CDC's data base were violative of Pretrial Order No. 1.

The Government has requested that the court enter an order requiring IBM to pay the Government for all costs incurred in reconstructing a data base substantially similar to that of CDC. In furtherance of this objective they re-

quest that the court order IBM to produce all materials in its possession needed or useful in reconstruction of a data base and any elements of CDC's data base which it controls. In addition, they seek an order enjoining IBM from disposing of any substantial assets other than in the ordinary course of business.[4]

■ Though the court has found that IBM violated Pretrial Order No. 1, it does not conclude that all the relief requested by the Government should be granted at this time. Requiring IBM to compensate the Government for the costs incurred in reconstructing a data base is tantamount to ordering its production. Yet, as noted above, the order which was violated was a preservation order and not a production order. If the materials, after reconstruction, were found to be work product,[5] the Government would have been granted relief to which, clearly, it is not entitled.[6]

■ Therefore, the court has entered Pretrial Order No. 7, a copy of which is appended hereto, which provides that IBM is to submit the materials requested by the Government directly to the court. IBM will be given ample opportunity to argue that any or all of these materials are privileged and need not be produced to the Government.

By refusing to grant all the relief requested by the Government, the court does not mean to suggest that it views IBM's violation of this court's order lightly. Indeed, such unseemly behavior coming as it does from respected members of the bar of this court is particularly distressing.[7] There appears to be no sound reason why counsel needed to act in this hasty manner. Prudence should have dictated a different course. At the very least, the court should have been informed of counsel's intentions in this matter, and expects to be so informed in the future.

Whereas, defendant has violated Pretrial Order No. 1, entered March 16, 1972, in that it procured the destruction of a data base created by attorneys for Control Data Corporation,

It is hereby ordered that plaintiff's Motion to Compel Compliance With Pretrial Order No. 1, filed January 26, 1973, is granted to the extent that:

1. Defendant shall provide promptly to the court copies of any or all materials in its possession or control needed or

---

4. The Government had also requested that the court order the production of certain documents and other information toward the end of determining the precise factual context of the document destruction. By letter to the court dated February 16, 1973, the Government withdrew that request.

5. It should be noted that not all work product is exempt from production. Rule 26(b)(3) provides in part that "a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has susbtantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substan-

tial equivalent of the materials by other means." Thus, the court could find that some of the materials that were destroyed were work product and still order that they be produced.

6. The Government has made no showing that would entitle it to an order prohibiting IBM from disposing of any assets other than in the ordinary course of business.

7. Defendant has submitted affidavits from many distinguished lawyers which affirm the ethical propriety of destroying work product prepared during the course of litigation at the time of settlement of the suit. The court does not question these prominent lawyers, but merely notes that the statements which were solicited from them are not in the context of a pretrial document preservation order, such as that which is present here.

useful in the reconstruction or restoration of such data base;

2. Defendant shall produce immediately to the court any elements of Control Data's data base in its possession or control that it did not cause to be destroyed.

It is further ordered that the remainder of plaintiff's motion is denied without prejudice.